1  WO

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Florentino Reyes Santana,              )
                                       )
              Petitioner,              )
                                       )          CV 01-226 TUC DCB
v.                                     )
                                       )          **O R D E R**
Terry Stewart, et al.,                 )
                                       )
              Respondents.             )
_____)

   This Court adopts the Report and Recommendation of the Magistrate Judge as the Opinion of the Court.  The Petition, as amended on May 20, 2005, is denied.

   Petitioner is an inmate confined by the State of Arizona.  He seeks habeas relief, pursuant to Title 28 U.S.C. § 2254.  The writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

   On May 16, 2001, Petitioner filed his Petition alleging four grounds for relief, as follows: "(1) that federal due process was violated because the trial court gave fundamentally flawed instructions on first and second degree murder and that appellate counsel was ineffective in not challenging them on appeal; (2) that federal due process was violated because Lawson perjured herself at trial after Pintado had threatened her; (3) that federal due process was violated because the prosecutor used perjured testimony and vouched for witnesses; and (4) that federal due process was violated by the State's plea agreement with Pintado."  (Report and Recommendation at 19-20.)

   On August 20, 2001, this case was referred to Magistrate Judge Bernardo P. Velasco for all pretrial proceedings and Report and Recommendation in accordance with the provisions of

1    28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice of the United States District Court

2    for the District of Arizona (Local Rules).

3           In 2002, this case was stayed to allow the Petitioner to exhaust a new constitutional

4    claim at the state level, and subsequently has returned here for final adjudication.  On April 20,

5    2005, the stay was lifted and supplemental briefing was allowed and completed.  Magistrate

6    Judge Velasco allowed Petitioner to amend the Petition to add the newly exhausted claim,

7    Ground 5: "that trial counsel was ineffective for failing to inform him of the state's offer to

8    allow him to plead guilty to manslaughter."  (Report and Recommendation at 38.)

9           On September 2, 2005, the Magistrate Judge issued a Report and Recommendation,

10   recommending that the Petition be dismissed.  This Court makes a *de novo* determination as to

11   those portions of the Report and Recommendation to which there are objections.  28 U.S.C. §

12   636(b)(1)(C).  To the extent that no objection has been made, arguments to the contrary have

13   been waived.  *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to

14   Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to

15   Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.

16   1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear

17   error on the face of the record in order to accept the recommendation).

18          Pursuant to 28 U.S.C. § 636(b), the Petitioner filed objections to the Report and

19   Recommendation.  The Respondents have not filed a Response to the objections.  The matters

20   are fully briefed.  The Court has made an independent review of the parties' arguments raised

21   in the following documents, including exhibits: the Petition filed May 16, 2001, the Answer

22   filed November 5, 2001, Petitioner's supplemental brief filed May 20, 2005; Respondents'

23   Response filed June 8, 2005; Petitioner's Objection to the Report and Recommendation, and his

24   Notice of Errata of Supplemental Authority.

25          After a thorough and *de novo* review of the record, the Court adopts the recommendation

26   of the Magistrate Judge, over the objections of the Petitioner, which are as follows:

27

28

Petitioner's Objections:

    1.    <u>Standard of Review</u>: The Petitioner objects to the Magistrate Judge's finding that the AEDPA applies to this case:

Petitioner argues that he filed his first federal habeas petition pre-AEDPA, and it was remanded by the Ninth Circuit Court of Appeals and dismissed without prejudice on remand in order for him to exhaust his additional claim of ineffective assistance of appellate counsel in the state courts. Pre-AEDPA, this Court's standard of review was *de novo*. Now, under the AEDPA this Court may not entertain an application for writ of habeas corpus with respect to any claim that has been adjudicated on the merits in a state court proceeding unless the result was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. 2254(d).

Petitioner argues that his pre-AEDPA federal habeas petition was erroneously dismissed instead of stayed. The Magistrate Judge has correctly explained that the case law is clear that "a Petition does not relate back to an earlier petition which is dismissed in order to allow a petitioner to exhaust state remedies." (Report and Recommendation at 21 (citing *Green v. White*, 223 F.3d 1001, 1003 (9th cir. 2000) (further citation omitted). The exception carved out in *Anthony v. Cambra*, 236 F. 3d 568 (9th Cir. 2000) does not apply here because Petitioner accepted the dismissal, failed to file an appeal, and returned here with a new Petition after exhausting state remedies. Accordingly, the standard of review under the AEDPA applies to this Petition. (Report and Recommendation at 22.)

Petitioner does not object to the law of timeliness and exhaustion that apply under the AEDPA. The Petition is timely and exhaustion is discussed below within the context of each ground for relief.

    2.    <u>Ground One</u>: The Petitioner agrees with the Magistrate Judge's finding that his claim of ineffective assistance of appellate counsel is Ground One of his Petition and objects to the alternative construction of Ground One of his Petition as having three subparts, the first two being procedurally defaulted.

The Court agrees with Petitioner and rejects Respondents' position that Ground One for relief consists of the following subparts: 1) that the trial court gave flawed instructions on first and second-degree murder; 2) that trial counsel was ineffective for not objecting to these instructions; and 3) that appellate counsel was ineffective for not making an issue of these instructions on appeal.  As the Magistrate Judge alternatively found under the Respondents' approach, the Petitioner has procedurally defaulted on the first two subclaims.

As recommended by the Magistrate Judge, this Court adopts the Petitioner's position of Ground One, which is twofold: the jury instructions were flawed as to the second-degree murder charge and the premeditation definition used by the trial court, and it was, therefore, ineffective assistance of appellate counsel to not argue these errors on appeal.

This ground for relief has been presented to the state and federal courts as follows.

In 1988, Petitioner filed his first request for post-conviction relief in the state courts, pursuant to Arizona Rules of Criminal Procedure, Rule 32.  He alleged numerous claims of ineffective assistance of trial counsel, all of which were dismissed because they "could have been or had been raised on appeal."  (Report and Recommendation at 15 (citing Answer, Ex. K: Minute Entry filed April 17, 1989.)  On April 18, 1990, the Supreme Court of Arizona denied review of this determination by the trial court.

"On September 14, 1990, Petitioner filed a pro se habeas in District Court raising four claims of ineffective assistance of trial counsel: (1) that trial counsel failed to object to an erroneous jury instruction on premeditation; (2) that trial counsel allowed the prosecutor to present a "coerced witness [Barbara Arndt];" (3) that trial counsel allowed the State to present perjured testimony by Pintado; and (4) that his trial counsel did not adequately cross-examine the State's witnesses to reveal inconsistencies or bring forth important evidence on Petitioner's behalf."  (Report and Recommendation at 16.)  "The District Court found that only the first claim had been properly exhausted, and dismissed the petition, without prejudice, as a mixed petition."  *Id.*

"On September 19, 1991, Petitioner filed a [second] habeas complaint in District Court raising three issues: (1) the trial court committed fundamental error in instructing the jurors on

first- and second-degree murder; (2) trial counsel was ineffective by failing to object to the trial court's alleged erroneous jury instructions; and (3) appellate counsel was ineffective by failing to raise the jury instruction issue on appeal." *Id.* The district court dismissed the Petition because it found that the Petitioner had procedurally defaulted his claims by failing to raise them on direct appeal or in the Rule 32, post-conviction relief process, and failed to demonstrate cause for the default. *Id.* "The Ninth Circuit affirmed the district court's finding that Petitioner had procedurally defaulted his claims of ineffective assistance of trial counsel and trial court error in jury instructions," but "reversed the district court's finding that Petitioner procedurally defaulted his claim of ineffective assistance of appellate counsel, and remanded the claim to the district court to determine the merits of the claim." *Id.* at 17. "On remand, the district court dismissed the habeas petition, without prejudice, so that Petitioner could pursue any available state remedies" *Id*.

Petitioner filed a second petition for post-conviction relief under Rule 32 with the trial court on July 31, 1995, supplemented on November 12, 1997, raising, among other claims, his charge of ineffective assistance of appellate counsel related to his argument that the jury was not properly instructed on second-degree murder and premeditation. (Answer Ex. R: Rule 32 Petition filed 1979.) The trial court denied the petition, including the issue of erroneous jury instructions regarding second-degree murder as precluded, but nevertheless reached the merits of the issue in "an effort to put this matter to rest, especially with regard to the Ninth Circuit's concerns . . .." (Answer, Ex. S: Minute Entry, filed April 21, 1998.)

"The trial court found that Petitioner's assertion that the trial court should have instructed that second degree murder is a killing "without premeditation" to be logically inconsistent, requiring the state to prove the lack of premeditation, and; in this case, made clear by the language of the first and second degree murder instructions combined." (Report and Recommendation at 18.) "The trial court found that factually, the distinction in its instructions between first and second degree murder was clear." *Id.* at 31.

Without addressing procedural default, the trial court considered the merits of Petitioner's argument that the premeditation definition it used was flawed because it suggested

1   that premeditation may occur in just an instant of time and exists if there is a long enough
2   period of time between the formation of intent to kill and the act.  Petitioner argued that this
3   error eliminated the distinction between first and second-degree murder, which is "actual
4   reflection."  The trial court, however, found that it explained the requisite distinction because
5   it gave an instruction that "an act is not done with premeditation if it is the instant effect of a
6   sudden quarrel or heat of passion."   This "instant effect" language sufficiently explained the
7   reflection requirement so that no reversible error occurred from the premeditation instruction
8   given at Petitioner's trial.  (Answer, Ex. S: Minute Entry, April 21, 1998 at 7-9.)

9       This Court agrees with the Magistrate Judge's finding that Petitioner "argued in his *pro*
10  *se* petition for review of his second petition for post-conviction relief to the appellate court that
11  the trial court's failure to instruct the jury that any second degree murder is a killing without
12  premeditation denied him a fair trial "in violation of the Fourteenth Amendment to the United
13  States Constitution, and that his trial counsel was ineffective for failing to object to the
14  instruction and his appellate counsel was ineffective for failing to raise this issue on direct
15  appeal in violation of the Sixth Amendment of the United States Constitution."  *Id.* at 28-29.
16  This Court agrees with the Magistrate Judge's conclusion that "[t]hus, both the underlying claim
17  that the jury instructions were erroneous, and the reliant claim, that counsel was ineffective for
18  failing to raise this issue, were raised in state court as federal issues."  *Id.* at 29.

19      Petitioner agrees with both of these findings, but objects to the Magistrate Judge's finding
20  that his claim that the definition of premeditation was fundamentally flawed was unexhausted.
21  He asserts that he raised it in his first and second Rule 32 motions for post-conviction relief,
22  and that it was found to be exhausted by the Ninth Circuit's remand of his claim of ineffective
23  assistance of appellate counsel.  Assuming Petitioner is correct, his Petition is still subject to
24  dismissal because the state court considered the merits of the claim and found no error.

25      The Petitioner submits Exhibit 1 to his Objection to the Report and Recommendation,
26  purporting that it is Exhibit A, an attachment to his first Rule 32 motion.  The Court, however,
27  finds that this is unlikely.  The record reflects a motion filed by Petitioner on April 25, 1989,
28  seeking rehearing of the court's denial of the first Rule 32 Petition.  In this motion, Petitioner

asks for leave to file the ineffective assistance of counsel claim related to the jury instruction on second-degree murder. This memo refers to an Exhibit A. The motion for rehearing was denied on June 27, 1989. It seems likely that the jury instruction issues were first raised in Petitioner's second Rule 32 motion filed in 1997, which corresponded to a ruling by the Arizona Court of Appeals, Division 1, *Arizona v. Ramirez*, 945 P.2d 376, 380 (App. 1997), considering the statutory provision defining premeditation. The court held that premeditation requires actual reflection and found error where the definition obliterates any meaningful difference between first and second-degree murder. *See State of Arizona v. Thompson*, 65 P.3d 420, (Ariz. 2003) (en banc)[1] (discussing the split between Division 1, *Rameriz*, and Division 2, *State of Arizona v. Haley*, 978 P.2d 100, 102 (Ariz. App. 1998), which did not require actual reflection, but only a sufficient period of time to permit reflection).

In 1997, Petitioner was allowed to supplement his second Rule 32 motion to include his claim that the trial court's second-degree murder instruction and the premeditation instruction were error based on a change in the law: *Rameriz*. The state court's denial of Petitioner's second Rule 32 motion specifically addressed the merits of *Rameriz*, within the context of Petitioner's case, and found no error.

"Implicit in the state court's opinion is the finding that counsel could not be ineffective for failing to argue such error on appeal, if the trial court did not err in the first instance. The appellate court adopted the trial court's findings on appeal under *State v. Whipple*, 866 P.2d 1358 (Ariz. App. 1993), and the Arizona Supreme Court denied review." *Id.* at 31-32.

---

[1]In 1998 in response to *Rameriz* Division 2 type cases, the state legislature amended the definition of premeditation to include the clause: "proof of actual reflection is not required." A.R.S. §13-1101(1). Confusion continued to persist in the state courts, so in 2003, the Arizona Supreme Court clarified that the 1998 amendment provides only for the types of proof which may be used to establish the element of premeditation, which remains: "actual reflection." *Thompson*, 5 P.3d at 426-27. Relevant here, the Court held that in the future jury instructions should not track the statutory language: "proof of actual reflection is not required," which of course was not used in the jury charge at Petitioner's trial because it predated the 1998 amendment. The Court in *Thompson* also discouraged using the phrase "as instantaneous as successive thought of the mind" to describe one possibility of premeditation. While this type of language  was used in Petitioner's case, it was combined with the "instant effect" language to clarify that actual reflection was required for premeditation. (Answer, Ex. S: Minute Entry, filed April 21, 1998.)

1    As the Magistrate Judge noted neither the Arizona Court of Appeals nor the Supreme

2  Court of Arizona articulated a rationale for affirming the trial court's decision.  Adopting the

3  "look through"[2] approach, this Court determines that the state court applied the correct federal

4  law in a reasonable manner.  As the Magistrate Judge concluded, so concludes this Court:

> The state trial court made a reasonable determination of the law and facts.
> Looking at the trial instructions *as a whole*, it is clear that the jury could
> distinguish between the elements of first and second-degree murder.
> Furthermore, it was clear that the element of premeditation was a requisite
> element of a finding of first degree murder, and that, if there was a reasonable
> doubt as to whether it was first or second degree murder, the jury was to make a
> finding of second degree murder.  Thus, the trial court found the argument
> meritless, and, failure to raise a meritless argument does not constitute ineffective
> assistance.  *See Boag v. Raines*, 769 F.2d 1341 (9th Cir. 1985) (citing *Cooper v.
> Fitzharris*, 551 F.2d 1162, 1166 (9th Cir. 1977)).

*Id.* at 33 (emphasis added).

    The Magistrate Judge correctly sets out the law as it pertains to Petitioner's entitlement

to relief once the state court has addressed the merits of his claims and denied him relief.

"Petitioner is entitled to relief if the state court's decision rejecting his ineffective-assistance

claim was either 'contrary to, or involved an unreasonable application of,' established law."

(Report and Recommendation at 32-33 (citing *Williams v. Taylor*, 529 U.S. 362, 391 (2000)).

> The established law governing the merits of an ineffective assistance of counsel
> claim is expressed in *Strickland v. Washington*, 466 U.S. 668 (1984).  The
> general standard for attorney performance is that of "reasonably effective
> assistance." *Strickland v. Washington*, 466 U.S. 668 (1984).  The *Strickland* test
> requires Petitioner establish deficient performance by counsel and prejudice
> resulting from that performance to obtain relief. *See Luna v. Cambra*, 306 F.3d
> 954, 961 (9th Cir. 2002), *amended*, 311 F.3d 928.

> In reviewing claims of ineffective assistance of appellate counsel, the two
> pronged standard applies that was set forth in *Strickland*.  *Miller v. Keeney*, 882
> F.2d 1428, 1433-34 (9th Cir. 1989).  Petitioner must show that counsel's advice
> fell below an objective standard of reasonableness, and that there is a reasonable
> probability that, but for counsel's unprofessional errors, he would have prevailed
> on appeal. *Miller v. Keeney*  882 F.2d 1428, 1434 (9th Cir. 1989) (citing

---

[2]This approach maintains that "'[w]here there has been one reasoned state judgment rejecting a
federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon
the same ground.  If an earlier opinion 'fairly appear[s] to rest primarily upon federal law,'[] we will
presume that no procedural default has been invoked by a subsequent unexplained order that leaves the
judgment or its consequences in place.'" (Report and Recommendation at 32 (citing *Ylst v. Nunnemaker*,
501 U.S. 797, 803 (1991)).

*Strickland* 466 U.S. at 694, 104 S.Ct. at 2068; *United States v. Birtle*, 792 F.2d 846, 849, FN9 (9th Cir.1986)).

(Report and Recommendation at 32-33.)  As the Magistrate Judge noted, under *Strickland*, the assessment of whether or not counsel's performance was deficient is made based on a contemporary assessment of counsel's conduct.  *Id.* at 30 (citing *Lockhart v. Fretwell,* 506 U.S. 364 (1993).

This Court agrees with the Magistrate Judge that the state trial court made a reasonable determination of the law and facts.  The Court adopts the Magistrate Judge's findings of fact and recommendations to dismiss Petitioner's claim in Ground One of the Petition because the state court made a reasonable determination of the law and facts, finding his arguments were meritless.  Failure to raise a meritless argument does not constitute ineffective assistance of appellate counsel.

3. Ground Two: Petitioner objects to the Magistrate Judge's finding that he failed to allege that a state witness perjured herself at trial because the state's chief witness had threatened her and her family as a Constitutional claim in the state courts.

The Magistrate Judge correctly found that Petitioner's second Rule 32 motion failed to raise this claim as a federal constitutional claim.  In his second request for post-conviction relief, Petitioner presented an affidavit from Coy Boyd, a fellow inmate, who the Petitioner met in 1995. Mr. Boyd was the brother of Dawana Lawson, the state witness who allegedly perjured herself.  Mr. Boyd told Petitioner that his sister had told him that she fabricated her testimony because of threats she received from Robert Pintado, the state's chief witness against the Petitioner.

The Magistrate Judge correctly found that the state court addressed this claim of perjured testimony solely within the context of Rule 32.1(e), which permits a defendant who has been convicted or sentenced to secure relief on the grounds that newly-discovered material facts exist and, if introduced, might have affected the verdict, finding, or sentence.  (Report and Recommendation at 35 (citing Answer, Ex. R: Rule 32 Petition at 9-19; Ex. T: Motion for Review at 11-16; Ex. V: Petition for Review of Supreme Court at 9-13; see also Ex. S: Minute Entry, filed April 29, 1998).)

1   To exhaust his remedies in the state courts, "Petitioner needed to give Arizona courts a

2   'fair opportunity' to act on his federal due process claim before presenting it to the federal

3   courts." *Id.* at 35 (citations omitted).  To do this, he needed to apprize the state courts that he

4   was making a claim under the Constitution by describing both the operative facts and the federal

5   legal theory to enable the state courts to apply controlling legal principles to the facts bearing

6   upon his constitutional claim. *Id.* at 36 (citations omitted).

7   Petitioner's objection is based on a few specific page citations for federal cases contained

8   in his Rule 32 motion that he asserts presented his federal claims to the state courts.  While

9   there are some federal court cases cited in his state brief, none were relied on as a basis for

10   relief.  For example, he cites *United States v. Wallach*, 935 F.2d 445, 458 (2nd Cir. 1991) for

11   the assertion that disclosure of a witness' false statements would have had a tremendous impact

12   on the jury's credibility assessment, and *United States v. Davis*, 473 F.2d 1023, 1025 (10 th Cir.

13   1973) and *Napue v. Illinois*, 360 U.S. 264, 269 (1959) for the position that it is for the jury to

14   make the estimate of truthfulness and reliability.   (Objection to Report and Recommendation

15   at 11 (citing Answer, Ex. R. at pp. 11, 18-19.)  These citations failed to alert the state court to

16   any explicit federal claim for relief.

17   Petitioner is barred from returning to the state courts to raise the federal claim he asserts

18   as Ground Two of this Petition because it falls outside the narrow exceptions to the procedural

19   bar of Arizona Rules of Criminal Procedure, Rules 32.2(a)(3), 32.2(b) and 32.4(a).  *Id.*  The

20   Court finds that Petitioner failed to demonstrate cause and prejudice for his procedural default

21   of his due process claim related to the alleged perjured testimony of the state witness, Dawana

22   Lawson.  Petitioner is precluded from obtaining federal habeas relief on this ground.

23   4. <u>Grounds Three and Four: Petitioner objects to the Magistrate Judge's finding that
<u>Petitioner failed to state with adequate specificity his claim that the prosecutor used perjured
24   <u>testimony and vouched for witnesses and that the state's plea agreement with Pintado violated
<u>Petitioner's due process right to confront his accusers.  He objects to the Magistrate Judge's
25   <u>alternative recommendation that the Court find these claims procedurally defaulted.</u>

26   In his federal habeas Petition, the Petitioner fails to allege a factual basis to support these

27   claims with sufficient specificity to support the Petition.  He also fails to identify a decision by

28   the Arizona courts disposing of these claims on the merits, which was contrary to, or involved

an unreasonable application of, clearly established Federal law, and determined or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Petitioner is unable to make the requisite showing for habeas relief because his state habeas raising these claims, (Answer, Ex. X: Petition filed May 25, 2000), was dismissed by the state court as procedurally barred, *id.*, Ex. Y: Minute Entry filed June 9, 2000).  Petitioner objects to the state court's procedural dismissal of these claims because of their constitutional nature, and the need for them to be heard first by the trial court before they can be brought here, but he finds no legal support for his assertion that the state court misapplied the notice and timeliness requirements of Rule 32.

He also fails to establish that he presented the constitutional nature of these claims to the state courts.  He relies on the same federal case citations in his state brief discussed above in Ground Two.  For the same reasons discussed above, they failed to apprize the state courts of any federal claim for relief.

The Magistrate Judge is correct that in every instance at the state level he presented this claim as one based on new evidence entitling him to relief under Arizona law.  "To exhaust his Arizona remedies, Petitioner needed to give the Arizona courts a "fair opportunity" to act on his federal due process claim before presenting it to the federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56, 1159 (9th Cir.2003) (*en banc*)."  (Report and Recommendation at 35.)  This Court agrees with the Magistrate Judge that the state courts have never had an opportunity to address the constitutional legal theories of due process presented here.  "Petitioner fails to demonstrate cause and prejudice for this procedural default, and federal habeas review is precluded as a matter of law on these grounds for relief raised by Petitioner."  *Id.* at 36 (citing 28 U.S.C. § 2254(b)).

5.  <u>Ground Five: Petitioner objects to the Magistrate Judge's determination that the state court's fact-finding was neither wrong nor unreasonable and that he has presented clear and convincing evidence of ineffective assistance of trial counsel because she failed to convey the state's offer to allow him to plead guilty to manslaughter.</u>

Petitioner's charge that his attorney provided ineffective assistance of counsel by failing to communicate to him that the state had offered to allow him to plead guilty to manslaughter

is not procedurally defaulted.  Subsequent to the Court's stay of this case to allow Petitioner to seek review in the state courts, the trial court found this issue precluded under Rule 32.2(a)(3), but nevertheless reached the merits of the claim.  *Id.* at 36.  The Arizona Court of Appeals did not address the preclusion issue, but affirmed the trial court's rejection of the claim on the merits.

The state court found that Petitioner failed to state a colorable claim of ineffective assistance of counsel because he failed to factually establish that his attorney did not present him with the state's offer of the manslaughter plea.  *Id.* at 40.  It bears repeating here:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §§ 2254(d)(2), (e)(1) (2003).

> Under the AEDPA, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." *Lambert v. Blodgett*, 393 F.3d 943, 971 (9th Cir. 2004) (citing *Miller-El*, 537 U.S. at 340, 123 S.Ct. 1029; see also *Lockyer v. Andrade*, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)) ("The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable."); *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.2004) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable"); *Brown v. Poole*, 337 F.3d 1155, 1160 n. 2 (9th Cir.2003) ("We would indeed defer to all factual findings of the state court that are reasonable 'in light of the evidence presented in the state court proceedings.' ") (quoting *Greene v. Henry*, 302 F.3d 1067, 1072 (9th Cir.2002)).

*Id.* at 41.

> The evidence considered by the state court was as follows:

> (1)  Petitioner's counsel, Carol Wittels, wrote in a letter, dated January 21, 1992 that "Sadly, Florentino passed up a plea for Manslaughter, where he would have faced a sentence of 5-15 years in prison"; (2) the sentencing transcript demonstrated that Petitioner's counsel stated during his sentencing "[h]e passed up all plea offers and he would not say what we thought was the most logical defense..."   (3) Ms. Wittels stated in her affidavit that "[t]hroughout my representation of the defendant, he maintained his innocence" and "[a]lthough I do not recall the specific discussion with my client at present, it was and is my practice to discuss the terms of all plea offers along with the merits of the offer relative to the risks at trial" and "[t]ogether we decided to take the case to trial rather than accept the plea offered."  (*Id.*, Appendix A, p. 6)

- 12 -

1    *Id.* at 39-40.

2       In his objection Petitioner criticizes the state court's conclusion that he was informed of

3    the manslaughter plea, based on Ms. Wittels affidavit, as mere speculation because she could

4    not recall the specific discussion with him referencing the  manslaughter offer. She, however,

5    attested that it is her practice to discuss all plea offers with defendants.  There is no evidence

6    that she diverged from this practice in Petitioner's case.

7       The state court also relied on his attorney's statement at sentencing that Petitioner had

8    passed up all plea offers to support its finding that there was more than just the one plea offer

9    for second degree murder, meaning he had also been offered a plea agreement for manslaughter.

10   Petitioner explains that he failed to object or question her presentation that there were multiple

11   plea offers because he thought she was referring to two different offers to plead guilty to the

12   second-degree murder charge, not because he knew of the manslaughter plea offer.  "[C]ounsel's

13   attempts to have him plead guilty to second degree murder in essence, involved two different

14   offers, one which provided for a sentence of life in prison and the other for 25 years, therefore

15   counsel's statements at sentencing that Petitioner had passed up all plea offers, while technically

16   correct failed to take into consideration any offer of a manslaughter plea."  (Objection at 17.)

17   Alternatively, he argues that he believed she was referring to her multiple attempts to get him

18   to accept the offer to plead guilty to the second-degree murder charge.  *Id.* at 18.

19      Petitioner correctly notes that in these types of cases objective evidence of a defendant's

20   motivation will quite understandably be sparse and so a defendant may inferentially show

21   prejudice by establishing a serious negative consequence, such as receiving a substantially

22   longer or harsher sentence than would have been imposed as a result of the plea.  (Objection

23   at 20 (citing *State v. Donald*, 10 P.3d 1193, 1200 -1201 (Ariz. App. 2000.))  A defendant might

24   also show that the risks inherent in proceeding to trial so substantially outweighed the benefits

25   of the plea that proceeding to trial was an unreasonable risk.  *Id.*

26      Petitioner asserts that he easily established both of these requirements.  He explains that

27   the plea offer for manslaughter "could have resulted in a sentence of 5-15 years, while he

28   actually received a sentence of life imprisonment without parole for 25 years, therefore he

1   received a substantially longer and harsher sentence than would have been imposed as a result

2   of the plea." *Id.* at 20. "Petitioner had already been convicted of aggravated assault by the time

3   of his trial for murder so he was virtually guaranteed the death penalty so accepting the plea

4   offer would avoid an almost certain death sentence, thus, the risks inherent in proceeding to trial

5   so substantially outweighed the benefits of the plea that proceeding to trial was an unreasonable

6   risk." *Id.*

7          The Court notes that both of the requirements were also met by the plea offer on second

8   degree murder for the life sentence, without parole for 25 years, but Petitioner turned this plea

9   offer down and chose to go to trial and risk receiving the death penalty.  This Court finds that

10  the state court reasonably concluded that his attorney's statement accurately reflected what

11  happened: Petitioner turned down all plea offers because he maintained he was innocent.  As

12  Petitioner notes, a "defendant's challenge must consist of more than conclusory assertions and

13  be supported by more than regret."  (Objection at 19 (citing Donald, 10 P. 3d at 1201.)  Here,

14  Petitioner offers his own affidavit that his counsel did not inform him of the plea offer, which

15  is contrary to her assertion that it is her practice to engage in such discussions with her clients.

16  This Court agrees with the Magistrate Judge that there was no factual or legal error in the state's

17  determination that Petitioner did not state a colorable claim of ineffective assistance of counsel

18  for failure to communicate a plea offer for manslaughter to the Petitioner.   Applying the

19  deferential standard that is required by this Court, Petitioner has not presented clear and

20  convincing evidence contradicting the state court's findings.  This ground for relief, like all the

21  others, fails.

22         After an independent review of the record, this Court dismisses this action in its entirety.

23         **Accordingly,**

24         **IT IS ORDERED** that the Report and Recommendation is adopted as the Opinion of

25  the Court.

26         **IT IS FURTHER ORDERED** that the Petition (document 1), as amended May 4, 2005,

27  is DENIED.

28

1      **IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss this action with

2   prejudice and enter Judgment accordingly.

3      DATED this 3rd day of February, 2006.

David C. Bury
United States District Judge