WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Florentino Reyes Santana, | ) | |
|         Petitioner, | ) | CV 01-226 TUC DCB |
| v. | ) | |
| Dora B. Schriro, et al., | ) | **ORDER** |
|         Respondents. | ) | |

On September 2, 2005, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation. Based in large part on the findings of fact and conclusions of law as provided by Judge Velasco, this Court granted Respondents summary judgment and entered Judgment for Respondents on February 6, 2006. On February 23, 2006, the Petitioner filed a Motion to Alter or Amend the Judgment.

Federal Rule of Civil Procedure, Rule 59 authorizes a motion to alter or amend a judgment after its entry and must be filed within ten days of the Judgment, Fed. R. Civ. P. 59e, with three days for mailing, Fed. R. Civ. P.6. Petitioner's motion was timely.

Rule 59 covers a broad range of motions, including motions for reconsideration. *Edward H. Bholing Co. v. Banning Co.,* 6 F.3d 350, 353 (6th Cir. 1993) (motion for reconsideration filed within ten days of judgment is treated as a motion to alter or amend judgment). Specific grounds for a motion to amend or alter are not listed in the rule so the district court enjoys considerable discretion in granting or denying the motion. *Id.* at 355. Generally, there are four basic grounds for a Rule 59(e) motion: 1) the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which

the judgment is based; 2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; 3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct of counsel, and 4) a motion may be justified by an intervening change in controlling law. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1 (citations omitted). A Rule 59(e) motion may not be used to relitigate old matters; to raise arguments or present evidence that could have been raised prior to the entry of judgment, or that would serve no useful purpose. *Id.* (citations omitted). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." *Id.*

Here, Petitioner's Motion to Alter or Amend the Judgment is a request for reconsideration. Motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly". *Above the Belt, Inc.*, 99 F.R.D. at 101; *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983). Arguments that a court was in error on the issues it considered should be directed to the court of appeals. *Refrigeration Sales, 605 F. Supp.* at 7.

Petitioner argues that he presented his claim of ineffective assistance of counsel claim in his first state post-conviction relief petition, as well as his second, and that this Court erred when it found that it was unlikely that Exhibit 1[1] was an attachment to his first Rule 32 motion and that in all likelihood the issue was first raised in Petitioner's second Rule 32 motion. (Order filed February 6, 2006 at 6-7.) This distinction is irrelevant to the out-come of this case because the Court assumed Petitioner was correct regarding exhaustion of this claim, *id.* at 6, and nevertheless held: "his Petition is still subject to dismissal because the state court considered the merits of the claim and found no error." *Id.* at 6.

This Court held that the state trial court considered the merits of Petitioner's challenge to the jury instructions for first and second degree murder, including the definition for premeditation, and found the instructions were not deficient. The state courts, therefore, concluded it "could not be ineffective assistance of counsel to fail to argue such error on appeal, if the trail court did not err in the first instance." (Order at 7.) This Court agreed that the state courts made a reasonable determination of the law and the facts, and concluded there was no ineffective assistance by appellate counsel. *Id.* at 7-9.

Petitioner offers nothing new regarding his argument that he exhausted Ground Two, his claim that the state offered perjured testimony from Dawana Lawson. The facts, the law, and the circumstances which caused this Court to rule that this claim was unexhausted have not changed since this Court's Order. There is no manifest error of law. There is no basis under Rule 59 for reconsideration.

Lastly, the Petitioner argues that the state courts and this Court erred in not holding an evidentiary hearing regarding his allegation that his trial attorney did not convey an offer by the state for him to plea guilty to manslaughter. Again, Petitioner offers no new facts or law, and no manifest error of law, which would form a basis for this Court's reconsideration.

---

[1] The documentary evidence was presented for the first time in the Motion to Amend the Judgment to establish that this claim was presented in the first post-conviction petition.

The evidence has all been presented: 1) the 1992 letter from his attorney stating, "Sadly, Petitioner passed up a plea for Manslaughter, where he would have faced a sentence of 5-15 years in prison; 2) the sentencing transcript, which reports that Petitioner's counsel stated at sentencing that Petitioner had "passed up all plea offers . . . "; 3) his attorney's affidavit that it was her practice to pass along all plea offers, and that she and Petitioner, together, decided to take the case to trial, and that Petitioner always maintained his innocence, and 4) Petitioner's innocent plea and testimony at trial that he did not shoot the victim.  An evidentiary hearing would be pointless.

      **Accordingly,**

      **IT IS ORDERED** that the Motion to Alter or Amend Judgment (document 56) is DENIED.

      **IT IS FURTHER ORDERED** that because Petitioner's Rule 59e Motion to Amend is a motion for reconsideration, Respondent is granted leave to file its Response pursuant to Rule 7.2(g), Rules of Practice of the United States District Court for the District of Arizona, and no Reply shall be filed.

      DATED this 14th day of March, 2006.

David C. Bury
United States District Judge